IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, LLC, d/b/a AT&T ALABAMA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:11-CV-758-WKW [WO] |
| HALO WIRELESS, INC., | ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the court are Defendant's Motion to Transfer (Doc. # 3) and Plaintiff's Motion to Remand (Doc. # 10). Plaintiff and Defendant are parties to a wireless interconnection agreement ("ICA"). Plaintiff filed a complaint with the Alabama Public Service Commission ("Alabama PSC"), claiming that Defendant materially breached the ICA by engaging in conduct to avoid certain charges. On September 14, 2011, Defendant removed the present action from the pending Alabama PSC proceeding, pursuant to 28 U.S.C. § 1452, which allows the removal of certain cases related to bankruptcy proceedings. (*See* Doc. # 1.) Defendant had filed a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of Texas on August 8, 2011. (Doc. # 1, at 2–3.)

On September 16, 2011, Defendant filed its Motion to Transfer. (Doc. # 3.) Defendant explained that as of August 8, 2011, "approximately 100 different telecommunications companies located in ten different states brought at least 20 separate proceedings against [Defendant] in the public utility commissions of those states[.]" (Doc. # 3, at 2.) Defendant sought to "transfer [these] action[s] to the United States Bankruptcy Court for the Eastern District of Texas . . . to become an adversary proceeding in [its] Bankruptcy case," and then consolidate the actions before that court. (Doc. # 3, at 3.)

After Defendant filed its Motion to Transfer, the Bankruptcy Court ruled that pending state public utility commission proceedings against Defendant are exempt from its automatic stay, but that attempts to collect any monetary judgments are not exempt. (Ex. 1 to Doc. # 28.) Defendant intends to appeal the Bankruptcy Court's ruling to the Fifth Circuit. (Doc. # 28, at 2.) Additionally, the FCC has issued a ruling specifically "disagree[ing] with Halo's contrary position." (Ex. F to Doc. 34.) Finally, at least four other federal courts have remanded similar proceedings involving Defendant to their respective state public utility commissions.[1]

---

[1] These courts include the United States District Courts for the Middle District of Tennessee, Northern District of Florida, and Western District of Missouri, and the United States Bankruptcy Court for the District of South Carolina.

The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant removed under 28 U.S.C. § 1452, which governs the removal of claims related to bankruptcy cases. The statute provides that

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

§ 1452(a). However, § 1452(b), allows "[t]he court to which such claim or cause of action is removed [to] remand such claim or cause of action on any equitable ground."

There is no controlling authority in the Eleventh Circuit on this issue. In a recent action similar to this case, the United States District Court for the Northern District of Florida found that a proceeding removed from the Florida public utility commission was a "civil action" within the meaning of § 1452(a). *BellSouth Telecomms., LLC, v. Halo Wireless, Inc.*, No. 4:11cv470-RH/WCS, at 5–6 (N.D. Fla. Dec. 9, 2011). The court ultimately concluded that it had discretion to accept or remand the case. However, on balance, equity favored that the case be remanded to

the Florida Public Service Commission pursuant to § 1452(b). *Id.* at 10. The Northern District of Florida's reasoning is persuasive.

First, the Alabama PSC proceeding is a removable civil action within the meaning of § 1452(a). Alabama law provides a public utility commission scheme similar to that of Florida's. *See, e.g.*, Ala. Code § 37-1-84 (allowing a complaint to be filed before the Alabama PSC); Ala. Code § 37-1-86 (entitling parties to be heard through counsel and call witnesses at proceedings); Ala. Code § 37-1-92 (permitting parties to take witness depositions in accordance with the laws governing depositions in civil actions in the Alabama circuit courts); Ala. Pub. Serv. Comm'n Rule of Practice 16 (allowing parties to make requests for discovery). Proceedings before the Alabama PSC contain all the elements of a judicial controversy and are not simply administrative concerns. *See BellSouth Telecomms., LLC*, No. 4:11cv470-RH/WCS, at 5–6*; see also Comm'rs of Road Improvement Dist. No. 2 v. St. Louis Southwestern Ry. Co.*, 257 U.S. 547, 557 (1992) (describing the essential characteristics of a judicial controversy).

Second, equity favors that the case be remanded to the Alabama PSC pursuant to § 1452(b). Given the expertise of the Alabama PSC in adjudicating ICA disagreements, the minimal effect of remand on the administration of Defendant's bankruptcy estate, and the FCC's recent ruling against the practices engaged in by

Defendant, equity favors that the case be remanded. *See BellSouth Telecomms., LLC*, No. 4:11cv470-RH/WCS, at 8–10; *see also BellSouth Telecomms., LLC, v. Halo Wireless, Inc.*, No. 3:11-0795, at 5–6 (M.D. Tenn. Nov. 1 2011) (holding that the case should be remanded for a determination by the state commission, otherwise, "a state commission's authority to approve or reject an [ICA] would itself be undermined if it lacked authority to determine in the first instance the meaning of an agreement that it has approved (quoting *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 343 (3d Cir. 2007)). Furthermore, Defendant may challenge any order of the Alabama PSC in federal court. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1277–79 (11th Cir. 2003).

Finally, Defendant is protected from exposure to monetary damages by order of the Bankruptcy Court. That leaves largely regulatory issues at play in the Alabama PSC proceeding, including whether Defendant's actions under the ICA violated applicable regulations and agency rulings. Those issues should be resolved in the state utility commission forum.

Accordingly it is ORDERED that Plaintiff's Motion to Remand (Doc. # 10) is GRANTED, and that this case is REMANDED to the Alabama Public Service Commission, pursuant to § 1442(b). The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 26th day of January, 2012.

                                             /s/ W. Keith Watkins  
                                     CHIEF UNITED STATES DISTRICT JUDGE